IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JACKSON COUNTY,
MISSISSIPPI     PLAINTIFF

v.     CAUSE NO. 1:18CV237-LG-RHW

SINGING RIVER HEALTH
SYSTEM and SINGING
RIVER MOB, LLC     DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND BUT DENYING PLAINTIFF'S MOTION FOR COSTS

**BEFORE THE COURT** is the [4] Motion to Remand and for Costs filed by the plaintiff, Jackson County, Mississippi. The defendant Singing River Health System ("SRHS") filed a [6] Joinder in the Motion to Remand, and the defendant Singing River MOB, LLC ("MOB") filed a response in opposition to the Motion to Remand. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Remand should be granted, but Jackson County's Motion for Costs should be denied.

## BACKGROUND

On March 16, 2009, the Jackson County Board of Supervisors passed a resolution authorizing Jackson County to lease property known as the Singing River Hospital Campus to SRHS. The resolution required the lease agreement to comply with Miss. Code Ann. § 41-13-15 and include provisions for termination for the convenience of the owner of the property. The resolution also provided that the Board of Trustees of SRHS "may not encumber the property in any way without

written approval of the Board of Supervisors." (Compl., Ex. A, ECF No. 1-1.) The Jackson County Board of Supervisors authorized the SRHS Board of Trustees "to sub-lease a portion of the Singing River Hospital Campus to Johnson Development Company for the System Medical Office Project[.]" (*Id.*) The Jackson County Board further resolved that "any other sub-lease or agreement desired by the Board of Trustees of Singing River Hospital System must be approved, in advance, by the Board of Supervisors." (*Id.*) As a result, Jackson County and SRHS entered into a lease agreement for a fifty-year term.

On October 28, 2009, SRHS and MOB entered into a Ground Lease pursuant to which SRHS agreed to lease the Singing River Hospital Campus to MOB "for the purpose of construction, operation, and ownership of a medical facility and medical office building." (Compl., Ex. D at § 4.1, ECF No. 1-1.) On that same date, SRHS and MOB entered into four subleases in which SRHS agreed to rent from MOB part of the building to be constructed on the property.

On June 7, 2018, Jackson County filed the present lawsuit against SRHS and MOB in the Chancery Court of Jackson County, Mississippi. Jackson County seeks a declaratory judgment that the lease between Jackson County and SRHS is void, because the lease did not comply with the Jackson County Board of Supervisors' resolution. In the alternative, Jackson County seeks a declaration that the lease between SRHS and Jackson County is voidable at the discretion of Jackson County.

MOB removed the case to this Court on the basis of diversity jurisdiction, but

SRHS did not consent to the removal. The members of MOB are residents of Alabama. Jackson County and SRHS are residents of Mississippi.

## DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446. This requirement is called "the rule of unanimity." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). The Fifth Circuit has held that nominal or formal parties are also excepted from the rule of unanimity. *Farias v. Bexar Cty. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991).

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The parties do not dispute that the amount in controversy is satisfied in this case or that MOB and Jackson County are citizens of different states. However, MOB argues that this Court should realign the parties, designating SRHS as a plaintiff. In the alternative, MOB contends that SRHS is improperly joined as a defendant. Jackson County counters that MOB's removal violates the rule of unanimity, because SRHS

-3-

did not join in the removal. It is undisputed that SRHS was served with process; thus, the Court will first address improper joinder in order to determine whether SRHS was required to join in the removal petition.

**IMPROPER JOINDER**

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). MOB only raises the second method here. "The test 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

When making this inquiry, courts first examine the allegations contained in the complaint. *Id.* "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Id.* "When 'a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Mumfrey*, 719 F.3d at 401).

Miss. R. Civ. P. 57(b)(1) provides, "Any person interested under . . . written contract, or other writings constituting a contract or whose rights, status, or legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." The only parties to the lease that Jackson County asks the Court to declare void or voidable are Jackson County and SRHS. In essence, Jackson County alleges that SRHS sub-leased the property at issue to MOB in violation of the Jackson County Board of Supervisors' resolution. As a result, Jackson County has stated a plausible claim against SRHS, and SRHS is not improperly joined.

**NOMINAL PARTY**

"To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias*, 925 F.2d at 871 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549-50 (5th Cir. Unit A Dec. 1981)). As explained previously, Jackson County has stated a plausible claim against SRHS; thus, SRHS is not a nominal or formal party.

**REALIGNMENT**

"The Fifth Circuit has not recognized realignment of parties as an exception to the rule of unanimity." *Eagle Capital Corp. v. Munlake Contractors, Inc.*, No. 5:10-CV-99-DCB-RHW, 2012 WL 568701, at *2 (S.D. Miss. Feb. 21, 2012); *but see Doe v. Sharma*, No. 3:07cv172-HTW-LRA, 2008 WL 3339942, at *4 (S.D. Miss. Aug.

6, 2008) (finding that diversity jurisdiction existed after realigning defendants who did not consent to removal); *Boston v. Titan Indem. Co.*, 34 F. Supp. 2d 419, 422 n.13 (N.D. Miss. 1999) (noting that the unanimity rule was moot where non-diverse defendants were realigned as plaintiffs). Recently, several courts within the Fifth Circuit have held that realignment after removal is improper due to concerns over federalism. *See Bilyeu v. Wells Fargo Ins. Servs. USA, Inc.*, No. 2016 WL 5721060, at *7-8 (W.D. La. Aug. 8, 2016) (collecting cases). In addition, the Court finds that realignment would be improper in the present case, because the only two parties to the lease that Jackson County seeks to void are SRHS and Jackson County. Finally, all of these factors create sufficient doubt as to the propriety of removal to justify remanding this case to state court. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand.") Therefore, the Motion to Remand is granted.

**COSTS**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The award of costs and fees under 28 U.S.C. § 1447(c) is discretionary and should be granted only where the removing party lacked an objectively reasonable basis for seeking removal." *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 409 (5th Cir. 2017) (internal quotation marks omitted). Given the

lack of a clear pronouncement from the Fifth Circuit on the realignment issue, MOB had an objectively reasonable basis for removing the case to this Court.

## CONCLUSION

Realignment is currently disfavored among courts within the Fifth Circuit, and it has not been listed as an exception to the unanimity rule created by statute. The Fifth Circuit also has not recognized realignment as an exception to the unanimity rule, and the other recognized exceptions to the unanimity rule do not apply to the present case. Furthermore, SRHS is properly aligned as a defendant in this case filed by Jackson County in an attempt to void a lease entered into by Jackson County and SRHS. Finally, any doubt as to the propriety of removal must be resolved in favor of remand. Therefore, the Court finds that Jackson County's Motion to Remand should be granted, but its Motion for Costs should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [4] Motion to Remand filed by the plaintiff, Jackson County, Mississippi, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [4] Motion for Costs filed by the plaintiff, Jackson County, Mississippi, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge